**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**YOVANI UZ HERNANDEZ**,

*Petitioner*,

v.

**RANDI BORGEN**, ***et al.***,

*Respondents*.

No. 26-cv-10030

**ORDER**

**THIS MATTER** comes before the Court by way of the Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that he has been unlawfully detained under 8 U.S.C. § 1225(b) without a bond hearing. Following this Court's order to respond, Respondents timely submitted a response to the Petition. (*See* ECF No. 4). Petitioner did not submit a reply. (*See* ECF No. 5).

**WHEREAS**, Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 pursuant to a final order of removal that was reinstated after Immigration and Customs Enforcement ("ICE") detained Petitioner on August 6, 2026, and determined that Petitioner had reentered the United States despite having previously been removed on February 26, 2019, pursuant to a final order of removal entered on February 20, 2019. (Resps.' Ans., ECF No. 4 at 1–2; *see* ECF Nos. 4-2, 4-3); and

**WHEREAS**, the Court agrees with Respondents that Petitioner is lawfully detained under 8 U.S.C. § 1231 pursuant to his reinstated final order of removal. Section 1231 governs the detention of noncitizens subject to reinstated orders of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). Specifically, section 1231(a)(5) provides that when the Attorney

General determines that a noncitizen has unlawfully reentered the United States after having been removed pursuant to an order of removal, "the prior order of removal is reinstated from its original date," is not subject to reopening or review, and the noncitizen "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). Once that prior removal order is reinstated, a new removal period begins. *Guzman Chavez*, 594 U.S. at 546–47; *see Arevalo-Flores v. Soto*, No. 26-09381, 2026 WL 2267790, at *1 (D.N.J. Aug. 6, 2026) ("In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." (quotations omitted)). During the first 90 days of that removal period, detention is mandatory. *See* 8 U.S.C. § 1231(a)(1)–(2). Accordingly, because Petitioner's final order of removal was reinstated following his August 6, 2026 detention, he is presently within the 90-day removal period and subject to mandatory detention under § 1231(a)(2). His Petition is therefore premature; therefore

**IT IS** on this 17th day of August, 2026,

**ORDERED** that the Petition for Writ of Habeas Corpus, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that any previous Order of this Court enjoining Petitioner's transfer is hereby **VACATED**; and it is finally

**ORDERED** that the Clerk of the Court shall close this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**