**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**YOVANI UZ HERNANDEZ**,

*Petitioner*,

v.

**RANDI BORGEN**, ***et al.***,

*Respondents*.

No. 26-cv-10030

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of the Amended Petition for Writ of Habeas Corpus filed by Petitioner *pro se*. (ECF No. 7); and

**WHEREAS**, on August 17, 2026, the Court denied Petitioner's original Petition without prejudice, finding that "Petitioner is lawfully detained under 8 U.S.C. § 1231 pursuant to his reinstated final order of removal." (Order, ECF No. 6 at 1). Specifically, the Court determined that Petitioner's prior removal order was reinstated on August 6, 2026, thereby triggering the 90-day removal period during which § 1231 authorizes his mandatory detention. (*See id.*). The Court did not grant Petitioner leave to amend the Petition; and

**WHEREAS**, because the Court's prior Order did not grant leave to amend, and because Petitioner now intends to proceed *pro se*, the Court construes the Amended Petition as a motion for leave to amend. *See Lowman v. New York*, No. 09-0058, 2011 WL 90996, at *5 (W.D.N.Y. Jan. 11, 2011). Although leave to amend should be freely granted, it may be denied where there is an apparent reason to do so, including futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); and

**WHEREAS**, the Court finds that amendment by way of the Amended Petition would be

futile. In the Amended Petition, Petitioner "seeks judicial review of his continued detention" to ensure that it is "reasonably necessary to effectuate his removal." (ECF No. 7 at 8). As the Court explained in its prior Order, however, Petitioner's reinstated final order of removal became effective on August 6, 2026, triggering the 90-day removal period during which Respondents may mandatorily detain him. *See* 8 U.S.C. § 1231(a)(1)–(2); *Arevalo-Flores v. Soto*, No. 26-09381, 2026 WL 2267790, at *1 (D.N.J. Aug. 6, 2026) ("In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." (quotations omitted)). Thus, because Petitioner remains well within the statutory 90-day mandatory detention period, as the Court determined only a few weeks ago, the Amended Petition does not state a viable challenge to his continued detention.[1] Accordingly, amendment would be futile; therefore

**IT IS** on this 2nd day of September, 2026,

**ORDERED** that the Amended Petition for Writ of Habeas Corpus, (ECF No. 7), construed as a motion to amend, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that any previous Order of this Court enjoining Petitioner's transfer is hereby **VACATED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall close this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**

[1] The viability of such a challenge may differ at a later stage of Petitioner's detention. *See Zadvydas v. Davis*, 533 U.S. 678, 700–01 (2001) (explaining that, after six months of detention, if a noncitizen provides good reason to believe that removal is not significantly likely in the reasonably foreseeable future, the Government must rebut that showing).